## 10359 .

### BLASSINGAME v. GREENVILLE COUNTY.
#### (101 S. E. 826.)

COUNTIES—STATUTE PERMITTING SUIT AGAINST COUNTY PREVENTED DEFENSE OF RES JUDICATA BY COUNTY.—By an act entitled "An act permitting J. T. Blassingame to bring an action against Greenville county," approved February 15, 1916 (29 St. at Large, p. 1122), providing that such person could bring an action against the county on account of a mutual mistake in a contract, the legislature intended to give the right to sue the county just as if the action were against a private corporation upon a similar state of facts and contemplated that the plea of *res adjudicata* as to any rights which may have been determined under the contract would not be a bar to the action, and that the case should be tried upon its merits.

Before BOWMAN, J., Greenville, Spring term, 1919. Reversed.

Action by J. T. Blassingame against Greenville County. Judgment for defendant, and plaintiff appeals.

*Messrs. B. A. Morgan* and *Cothran, Dean & Cothran,* for appellant, submit: *The presiding Judge abused his discretion in permitting defendant over the objection of plaintiff to amend his answer:* 105 S. C. 323. *It was error to refuse to allow plaintiff to show that the work in question was done with the knowledge and consent of defendant:* 14 S. C. 406-407. *It was error to direct a verdict for defendant when it was apparent from the pleadings and from the testimony offered that plaintiff was entitled to relief:* Act of the Legislature, approved 15th February, 1916.

*Mr. E. M. Blythe,* for respondent, submits: *Defendant had the right to amend:* 81 S. C. 574, 578; 30 S. C. 575; 74 S. C. 236; 109 S. C. 285; 29 S. C. 33 (distinguished). *The judgment of the Court below is correct:* 24 S. C. 543; 81 S. C. 419; 81 S. C. 201; 85 S. C. 297; 81 S. C. 518, 519; 3 Cyc. 1294; 23 Cyc. 1306; 44 S. C. 1, 17; 19 S. C. 254; 1 Spear 276; 19 S. C. 384; 26 S. C. 173; 1 S. E. 707; 14 S. C.

403; 10 S. C. 115; 106 S. C. 95. *No error in excluding testimony offered to show that plaintiff had done work in question with the knowledge and consent of the county commissioners:* 84 S. C. 410; 14 S. C. 403; 98 S. C. 279, 282. *Action upon a quantum meruit will not be against the county. What is necessary to be shown in order to reform an instrument:* 21 S. C. 266, 235.

January 26, 1920.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

The object of this action is stated in the following act entitled "An act permitting J. T. Blassingame to bring an action against Greenville county," approved February 15, 1916 (29 Stat. at Large, p. 1122):

"Whereas, It is alleged that in 1913, the then county commissioners of Greenville county entered into a contract with J. T. Blassingame, a resident of said county, to build a highway in the upper section of said county and contracted with him upon an estimate made by the engineer of said commissioners, whereby they agreed to pay to him the sum of fifty-eight hundred dollars ($5,800); and,

"Whereas, It is claimed by the said J. T. Blassingame that a mistake in said estimate was made, so that upon the basis upon which said bid was made and let, the work done would have amounted to something more than thirty-five hundred dollars ($3,500) over and above said contract price; and,

"Whereas, It is claimed that by mutual mistake, the said J. T. Blassingame had suffered much damage, having at his own expense over and above said contract price completed the building of said roadway; and,

"Whereas, He is without recourse to sue and recover, even if entitled to the sum so suffered, and the county of Greenville is without authority to waive such matter.

"Section 1. Be it enacted by the General Assembly of the State of South Carolina: That permission is hereby granted

J. T. Blassingame to bring his suit against Greenvile county in any Court of competent jurisdiction, whereby he may seek to recover not exceeding the sum specified in the above preamble, and costs, and that he may proceed in the prosecution of said cause in like manner as all causes arising between individuals or corporations in this State may be conducted: *Provided,* That nothing in this act shall be construed into an admission by said county of any fact hereinabove stated or of any liability of the same on account thereof. * * * "

In determining the question presented by the exceptions, it is necessary to construe said act.

An act was passed in 1916 (29 St. at Large, p. 1196), which provided:

"That John M. Graham * * * is hereby authorized and empowered to bring action in the Court of Common Pleas for Richland county against the State of South Carolina for the recovery of such damages as he may have suffered, if any, by the abrogation of a contract entered into between him and the board of directors of the State penitentiary. * * *

"The principle of law governing his right to recovery in said action to be such as would govern the case if the action were against a corporation organized under the laws of the State of South Carolina. * * * "

In the case of *Graham v. State,* 109 S. C. 301, 96 S. E. 138, Mr. Justice Hydrick, speaking for this Court, used the following language:

"In construing the act, elementary rules require that we presume that the legislature knew the law, and, therefore, knew that plaintiff could not sue the State without its consent, and also that, if the defense stated were set up, it would certainly defeat his action. We must also presume, against the intention to do a futile thing, consent to be sued, and at the same time reserve the right to set up an absolutely certain defense. That construction would make the act self-destructive. The language used shows plainly that the

act was adopted upon the assumption that the contract had been rightfully terminated, and that plaintiff was remediless. Moreover, it says: 'The principles of law governing his right to a recovery in said action to be such as would govern the case if the action were against a corporation organized under the laws of the State of South Carolina.' If that does not waive the defense that the contract was annulled in the rightful exercise of sovereign power, it means nothing; for certainly a private corporation could not defend a breach of its contract upon the ground stated."

It is true the facts in the Graham case were different from those in the present case, but the spirit in which the act was interpreted in the case first mentioned throws light upon the proper construction of the act now under consideration.

Our construction of the act is that the legislature intended to give plaintiff the right to prove the facts alleged, and if he succeeded in doing so, his right to recover must be determined according to the law applicable in such a case, just as if the action were against a private corporation, a railroad company, upon a similiar state of facts; that the plea of *res adjudicata* as to any rights which may have been determined under said contract will not be a bar to this action; in other words, the present case is to be tried upon its own merits.

Under this construction of the act the direction of the verdict was prejudicial error.

Reversed.